## Barbush v. Swenson

*Thomas D. Caldwell, Jr.,* for plaintiff.

*Francis B. Haas, Jr.,* for defendants.

MacPHAIL, P. J. (Fifty-First Judicial District, Specially Presiding), October 9, 1970.—Charles Barbush, a duly elected member of the Harrisburg City Council, has brought this action in mandamus against defendants demanding that defendants restore to him the pension benefits which were discontinued by defendants shortly after plaintiff was elected as a city councilman. A motion for judgment on the pleadings has been filed by defendants and a motion for summary judgment has been filed by plaintiff. Plaintiff's motion will be granted.

Under the admitted facts in this case, it appears that plaintiff served for 29 years as a fireman in the City of Harrisburg. He retired on February 11, 1967, at which time his annual salary was $6,650, and immediately began to receive benefits from the Firemen's Pension Fund of the City of Harrisburg. In November of 1969, plaintiff was elected a member of the Harrisburg City Council and began his term of office on January 5, 1970. His compensation as city councilman for the year in question has been fixed at $2,100 per annum. On January 19, 1970, plaintiff was advised by the Mayor of Harrisburg that he could not receive benefits from the firemen's pension fund as long as he was serving on the Harrisburg City Council and receiving compensation as a councilman.

The issue thus presented to the court is whether one who is entitled to benefits from a specific pension fund established by the City of Harrisburg forfeits his right to those benefits while he serves as a council member of the same city and receives compensation from that city for his services as a councilman.

Both parties agree that there is very little precedent or authority ruling upon the issue raised in this case. Without reviewing in detail the legislation pertaining to the establishment of a firemen's pension fund under the Third Class City Code, suffice it to say that such legislation, as originally enacted (Act of June 23, 1931, P. L. 932, 53 PS §39320, et seq.), was silent as to the status of retired persons who, while receiving benefits from such a fund, subsequently became employed. There were later amendments to the Act of 1931, however, which did specify certain situations under which a pensioner would forfeit his rights in the fund by reason of subsequent employment. Since plaintiff here did not retire until February 11, 1967, his rights in the fund, and the forfeiture thereof, are determined by the status of the law as of the date of his retirement. The Act of 1931, supra, was last amended with respect to forfeiture provisions in 1959 and that enactment provides as follows (Act of August 14, 1959, P. L. 709, sec. 1, 53 PS §39323):

"Whenever any person shall become entitled to receive a pension from the firemen's pension fund, and shall have been admitted to participate therein, he shall not thereafter be deprived of his right to participation therein upon the basis upon which he first became entitled thereto, except for one or more of the following causes, that is to say: Conviction of a felony or misdemeanor, becoming an habitual drunkard, or failing to comply with some general regulation relating to the management of said fund which may be made by the managers, and which may provide that a failure to comply therewith shall terminate the right to participate in the pension fund. Any termination of a pension shall be only after such due notice and hearing as shall be prescribed by regulation of the managers."

It appears from the foregoing that unless there was

some general regulation relating to the management of the fund with which plaintiff did not comply, he would not be barred from the relief he seeks from this court by the provisions of the Act of 1931, as amended.

On December 23, 1947, the City of Harrisburg enacted an ordinance, section 177.07, which reads as follows:

"In case any retired member of the Fire Department shall, after retirement, engage in employment for compensation, his pension from the Firemen's Pension Fund shall be reduced to such an amount that when added to the compensation he receives from employment, it shall be equal to the compensation he was receiving as a member of the Fire Department at the time of his retirement. At any time when such other employment for compensation ceases, his pension shall be fully restored."

That ordinance has not been repealed.

As previously mentioned, there are few cases dealing with this problem and none of them deal with the specific factual situation now before us. There is some language in McBride v. Allegheny County Retirement Board, 330 Pa. 402 (1938), which would seem to indicate that one could not be considered retired if he was *reemployed* by the same unit of government after his retirement. The language of the court was dicta in the case before it, and the decision was made long before the present amendment to the Act of 1931 relating to forfeiture of pension benefits. In Murphy v. Momeyer, 80 D. & C. 151 (1951), the Court of Common Pleas of Erie County held that, notwithstanding the absence of a statutory prohibition, as a matter of public policy the city solicitor forfeited his pension benefits obtained while an employe of the city in another capacity. Again, that case does not deal with the precise issue now before us and,

furthermore, it was decided prior to the amendment of 1959.

Thus, we reach the ultimate conclusion. There is no statutory prohibition and no controlling case law which would bar plaintiff from receiving his pension and his salary as a councilman simultaneously. The city ordinance of 1947, even if its forfeiture provisions are applicable, and we do not so hold, could only *reduce* the total amount of compensation plaintiff could receive from both sources to $6,650. Since plaintiff's total compensation, with pension and salary, would be less than that sum, the ordinance would not prohibit the payment of both amounts. Furthermore, as a matter of public policy, a person who has earned a pension through years of service as an employe should not be effectively deprived of the opportunity to hold public office by being placed in a position where he could not receive the compensation to which he would otherwise be entitled as a public office holder by virtue of the fact that he receives a pension.

In the absence of any persuasive authority to the contrary, the court concludes that plaintiff is entitled to relief.

### ORDER

And now, October 9, 1970, plaintiff's motion for summary judgment is granted. Defendants' motion for judgment on the pleadings is granted in favor of plaintiff. It is ordered that the several defendants are to restore plaintiff's pension benefits under the Harrisburg City Firemen's Pension Fund, as of the date said benefits were discontinued.